| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | THIRTEENTH JUDICIAL CIRCUIT |
| Kyle Johnson, | C.A. NO.: 2017-CP-23-_____ |
| Plaintiff, | |
| vs. | SUMMONS |
| Greenville Safety Consultants Inc., Juanita Worthy and Mark Worthy | |
| Defendants. | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber at their office at 1395 S. Church Street, Greenville, SC 29605 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/ Courtney C. Atkinson
Courtney C. Atkinson, S.C. Bar #71992
METCALFE & ATKINSON, LLC
Post Office Box 1826
Greenville, South Carolina 29601
(864) 241-2319
*Attorneys for Plaintiff*

July 19, 2017
Greenville, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | |
| ) | |
| Kyle Johnson, ) | C.A. No. 2017-CP-23-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Requested)** |
| Greenville Safety Consultants Inc., Juanita ) | |
| Worthy and Mark Worthy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Kyle Johnson, complaining of the Defendants, Greenville Safety Consultants Inc. ("GSC"), Juanita Worthy and Mark Worthy, hereby alleges and would show unto this Honorable Court as follows:

1. Plaintiff Kyle Johnson is a citizen and resident of Greenville County, South Carolina.

2. Defendant GSC is a corporation organized under the laws of South Carolina that has its principal place of business in Greenville County, South Carolina.

3. Upon information and belief, Defendant Juanita Worthy is a citizen and resident of Pickens County, South Carolina.

4. Upon information and belief, Defendant Mark Worthy is a citizen and resident of Pickens County, South Carolina.

5. Some or all of the unlawful acts being complained of in this action, for which relief is sought against the Defendants, were committed in Greenville County, South Carolina.

6. Plaintiff, at all times relevant to this action, was employed by Defendants in

2

ELECTRONICALLY FILED - 2017 Jul 19 11:47 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2304445

Greenville County, South Carolina.

7. Jurisdiction and venue before this Court is proper.

## FACTUAL ALLEGATIONS

8. GSC is a business organized under the laws of South Carolina that provides safety consulting and training services to other businesses throughout South Carolina, North Carolina and Georgia. GSC's primary place of business is located in Greenville County, South Carolina.

9. At all times relevant to the matters described herein, Defendants Juanita Worthy and Mark Worthy have been the sole owners and officers of GSC. Defendants Juanita Worthy and Mark Worthy are in ultimate control of and have personal input in all decisions of GSC and run the business as their own personal business without observing appropriate and usual corporate formalities.

10. Plaintiff was formerly employed by GSC as an on-site safety consultant from approximately August 22, 2016 until GSC terminated his employment on February 22, 2017. During that time, Plaintiff worked only for GSC, who set Plaintiff's schedule and all work assignments, supervised his work on a daily basis, directed how his work should be performed, provided him with all equipment required to perform his job, required that he submit daily time records and paid him via a regular bi-weekly paycheck.

11. In the course and scope of his employment with GSC, Plaintiff typically worked six days per week and averaged sixty hours of work per workweek, often working from 7:00 am to 5:00 pm. For this work, Defendants paid Plaintiff a flat rate of Twenty-Five Dollars ($25.00) per hour and never paid Plaintiff at an overtime rate despite the fact that Plaintiff routinely worked overtime hours each week.

12. GSC treated Plaintiff as an independent contractor instead of an employee. In that

ELECTRONICALLY FILED - 2017 Jul 19 11:47 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2304445

regard, GSC did not pay payroll taxes on Plaintiff and did not provide workers' compensation coverage for Plaintiff.

13.  The control and direction that GSC clearly exercised over Plaintiff's work and the manner in which it was to be performed clearly evidence the fact that Plaintiff was actually an employee of GSC and not an independent contractor.

14.  Upon information and belief, GSC improperly, knowingly and willfully classified Plaintiff as a contractor so as to unlawfully avoid paying payroll taxes on Plaintiff, to avoid having to cover Plaintiff under GSC's workers' compensation coverage and to unlawfully avoid paying Plaintiff overtime pay for all overtime hours worked by Plaintiff for GSC.

15.  Upon information and belief, and similar to their misclassification of Plaintiff, Defendants have misclassified numerous other GSC employees as contractors and, in so doing, have improperly, knowingly and willfully failed and refused to pay those other employees for all overtime hours worked for GSC.

16.  On January 17, 2017, while working on a job site for a GSC client, Plaintiff was injured when the all terrain vehicle (ATV) on which he was riding with another GSC employee tipped over, causing Plaintiff to have skin torn from his knee and other skin lacerations. Those injuries resulted in Plaintiff going to the emergency room, where he received stitches to close his wounds. Plaintiff was also diagnosed with a life-threatening blood clot in his leg and his wounds failed to properly close. Accordingly, Plaintiff was forced to see wound care specialists and vascular specialists, and he was also forced to take prescription medication (Xarelto) long-term to treat the blood clot. Plaintiff also missed time from work as a result of his injuries.

17.  Plaintiff appropriately reported the accident to GSC on January 17, 2017, but was repeatedly discouraged by Defendants from pursuing coverage under GSC's workers'

4

compensation policy. In specific regard thereto, Defendants advised Plaintiff that he should not file anything and that GSC would pay some of Plaintiff's medical bills directly if he would not file a claim for his injuries.

18.  On January 30, 2017, Plaintiff received a letter from Defendant Juanita Worthy, denying any responsibility for Plaintiff's injuries in the workplace accident, again claiming that Plaintiff was a contractor, and, while asserting that GSC was not responsible for his injuries, offering to pay for a small portion of Plaintiff's expensive prescription medication.

19.  Notwithstanding, Plaintiff chose to pursue a claim for his injuries under GSC's workers' compensation policy, a fact that became known to Defendants.

20.  On February 22, 2017, just mere weeks after Defendants received notice that Plaintiff was pursuing a workers' compensation claim against GSC, Defendant Juanita Worthy called Plaintiff into the office at work, falsely stated that GSC's work on that particular project was "winding down" and advised Plaintiff that, for that reason, his employment with GSC was being terminated that day.

21.  Despite the representations made to Plaintiff by Juanita Worthy on February 22, 2017, GSC was not, in fact, winding down with work. Rather, the job to which Plaintiff had been assigned by GSC continued, no other employees were let go and GSC actually continued to hire new employees for new jobs. In fact, since February of 2017, GSC's website has continuously listed open positions and represented that GSC is "(e)xperiencing rapid growth and is currently seeking safety professionals looking for a flexible, employee friendly work environment."

22.  Following the termination of Plaintiff's employment on February 22, 2017, and despite the reason for said termination she provided Plaintiff on that day, Juanita Worthy

specifically advised at least two individuals that lack of work was not the real reason for the termination of Plaintiff's employment and that Defendants had, instead, chosen to terminate Plaintiff's employment because Plaintiff was pursuing a workers' compensation claim for his workplace injuries.

23.     Following the termination of Plaintiff's employment, Plaintiff contacted Defendants about his last paycheck and inquired about the status of the pay that he was owed for work performed prior to the date of termination. In response, and despite having received time cards and other express notice of actual hours Plaintiff had worked prior to his termination, Juanita Worthy responded that she would not pay Plaintiff for all hours he worked and, thereafter, sent Plaintiff a "final" paycheck that, in fact, did not include all hours he had worked prior to his termination.

24.     Upon information and belief, GSC's decisions not to properly classify Plaintiff as an employee, to not pay Plaintiff all overtime pay to which he was entitled and to not pay Plaintiff all amounts to which he is entitled were made unilaterally by Defendants Juanita Worthy and Mark Worthy without consultation with any other shareholders and were made by those Defendants intentionally and with willful disregard to Plaintiff's rights.

25.     After the termination of his employment by Defendants, Plaintiff was advised by another GSC employee that Juanita Worthy had approached that employee after the termination of Plaintiff's employment and asked that employee to call Plaintiff to try and convince him to drop his workers' compensation claim against GSC.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
(Workers Compensation Retaliation – S.C. Code §41-1-80)

26.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

27. Defendants retaliated against Plaintiff for pursuing a workers' compensation claim for workplace injuries he sustained while working for Defendants on January 17, 2017 by terminating Plaintiff's employment on February 22, 2017.

28. Defendants' termination of Plaintiff's employment on February 22, 2017 was intentional and/or willful, and done in direct retaliation for Plaintiff's pursuit of rights available to him under South Carolina law.

29. Defendants' intentional and/or willful actions constitute prohibited retaliation under South Carolina law.

30. Plaintiff has suffered actual and consequential damages as a result of Defendants' unlawful, intentional and/or willful retaliation against him.

## FOR A SECOND CAUSE OF ACTION
### (Wrongful Termination)

31. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

32. Public policy provides that employees should be allowed to pursue coverage for workplace injuries without fear of reprisal or retaliation from their employers.

33. In keeping with public policy and his rights as an employee in South Carolina, Plaintiff pursued benefits related to the workplace injuries he sustained while working for Defendants on January 17, 2017.

34. Thereafter, and after their attempts to talk Plaintiff out of pursuing such a claim were unsuccessful, Defendants terminated Plaintiff's employment on February 22, 2017 as a direct result of his pursuit of a claim for injuries he sustained in the workplace on January 17, 2017.

35. Defendants' termination of Plaintiff's employment was in direct retaliation for Plaintiff's pursuit of workers' compensation benefits for the injuries he sustained while working for Defendants on January 17, 2017, and was, therefore, in direct violation of public policy.

36. As a direct and proximate result of Defendants' wrongful termination of Plaintiff, Plaintiff has suffered and will continue to suffer damages, and is entitled an award of actual, consequential and punitive damages against Defendants.

### FOR A THIRD CAUSE OF ACTION
(Violation of S.C. Code 41-10-10 et seq.)

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

38. Plaintiff has provided services to Defendants as an employee, entitling him to payment of all wages and other compensation for all hours worked for Defendants.

39. Regardless, Defendants have failed and refused to pay Plaintiff the wages he is due pursuant to the South Carolina Payment of Wages Act, S.C. Code §41-10-10 et seq.

40. Defendants Juanita Worthy and Mark Worthy personally made the decision to not pay Plaintiff all his required compensation and have knowingly, intentionally and willfully participated in the refusal to pay Plaintiff the wages he is entitled to pursuant to the South Carolina Payment of Wages Act. Accordingly, Defendants Juanita Worthy and Mark Worthy are individually liable, along with Defendant GSC, for the payment of Plaintiff's wages under the South Carolina Payment of Wages Act, S.C. Code §41-10-10 et seq.

41. Based on the failure and intentional refusal of Defendants to pay him the wages he is owed pursuant to the South Carolina Payment of Wages Act, Plaintiff is entitled to an award against Defendants for recovery of all wages he is owed, as well as treble damages and

attorneys' fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### (Violation of Fair Labor Standards Act – Overtime)

42. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

43. The entire time he was employed by Defendants, Plaintiff routinely worked in excess of forty (40) hours per workweek and generally worked an average of at least sixty (60) hours per workweek.

44. Plaintiff reported all time worked, including all overtime hours, to Defendants on a routine basis by completing and submitting time cards to Defendants. Accordingly, Defendants had actual notice of all hours worked by Plaintiff, including all overtime hours worked by Plaintiff for Defendants.

45. Defendants knew they had a duty to pay all employees at a rate of time and half for all overtime hours in excess of forty (40) worked by employees each week.

46. Notwithstanding, Defendants failed to pay Plaintiff for all hours worked in excess of forty (40) each workweek and never once paid Plaintiff at an overtime rate for any overtime hours worked for Defendants.

47. Defendants' failure and/or intentional refusal to pay Plaintiff overtime wages required when Defendants knew Plaintiff was working overtime hours was a willful violation of the Fair Labor Standards Act.

48. As evidence of their Defendants willful and intentional refusal to pay Plaintiff at an overtime rate for all overtime hours worked for Defendants, Defendants intentionally misclassified Plaintiff as an independent contractor as opposed to an employee to avoid having to

ELECTRONICALLY FILED - 2017 Jul 19 11:47 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2304445

pay Plaintiff overtime pay for all overtime hours worked. Defendants routinely misclassified employees in this manner to purposely avoid having to pay required overtime to employees.

49. As a direct result of Defendants' aforementioned actions, which Plaintiff contends was intentional and/or willful in nature, Plaintiff has suffered damages and is entitled to an award against Defendants for actual, compensatory and punitive damages, including both back pay and liquidated damages, along with attorneys fees and costs related to this action and any pre-judgment interest.

### FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract)

50. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

51. Defendants entered into a binding agreement with Plaintiff in August of 2016, agreeing to pay Plaintiff for services provided to GSC.

52. Plaintiff performed his obligations under the August 2016 agreement with Defendants by fulfilling his obligations as an employee of GSC and by providing the service he agreed to provide to GSC.

53. Regardless, Defendants have breached their obligations to Plaintiff by intentionally failing and refusing to pay Plaintiff all compensation to which he is entitled under the terms of the August 2016 agreement of the parties.

54. As a proximate cause of Defendants' breach of the parties' agreement, Plaintiff has suffered and will continue to suffer damages, and is entitled to an award of actual and consequential damages against Defendants.

## FOR A SIXTH CAUSE OF ACTION
### (Fraud)

55. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

56. Defendants made knowingly false and material representations to Plaintiff regarding the nature of his employment with GSC and the fact that he was an independent contractor who was not entitled to overtime pay and other employment benefits.

57. Those false representations were knowingly false, made with the intent that Plaintiff act upon them in not demanding overtime pay for all hours worked in excess of forty (40) hours per week and/or other employment benefits, and were, in fact, reasonably relied upon by Plaintiff, who did not know the falsity of those statements and did not, accordingly demand overtime pay for all overtime hours worked by Plaintiff for Defendants.

58. As a direct and proximate result of Defendants' fraudulent statements and Plaintiff's reasonable reliance thereon, Plaintiff has suffered damages and is entitled to an award of actual and punitive damages from Defendants.

## FOR A SEVENTH CAUSE OF ACTION
### (Fraud in the Inducement)

59. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

60. In entering into a binding agreement with Plaintiff in August of 2016 for Plaintiff to provide services to GSC, Defendants made various knowingly false and material representations to Plaintiff regarding his status as an independent contractor and the fact that he was not legally considered an employee of GSC.

ELECTRONICALLY FILED - 2017 Jul 19 11:47 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2304445

61. Defendants' knowingly false statements were made with the intent of inducing Plaintiff to provide services to GSC without any expectation of receiving overtime pay and/or other required employment benefits.

62. Plaintiff was unaware of the falsity of those statements and relied on them in deciding to work for GSC and in not demanding overtime pay for all hours worked in excess of forty (40) hours each week from Defendants.

63. As a result thereof, Plaintiff has suffered damages and is entitled to an award of actual and punitive damages from Defendants.

## FOR AN EIGHTH CAUSE OF ACTION
### (S.C. Unfair Trade Practice Act)

64. Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

65. The South Carolina Unfair Trade Practices Act ("SCUTPA") prohibits business from engaging in unfair or deceptive business practices in the State of South Carolina.

66. Defendants violated the SCUTPA by knowingly, intentionally and falsely misclassifying Plaintiff and various other employees as independent contractors so as to avoid having to pay payroll taxes, overtime pay and other employment-related expenses to or on behalf of Plaintiff and other employees.

67. In so doing, Defendants failed to pay Plaintiff the overtime pay to which he was entitled for all overtime hours worked for GSC and also failed.

68. Defendants' actions are certainly capable of repetition, as evidenced by the fact that Defendants routinely and repeatedly misclassified employees as independent contractors and, upon information and belief, made this a routine business practice.

69.   As a direct and proximate result of Defendants' conduct, committed in express violation of SCUTPA, Plaintiff suffered actual and consequential damages and is entitled to an award therefore from Defendants.

## FOR A NINTH CAUSE OF ACTION
### (Quantum Meruit)

70.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

71.   Plaintiff has provided valuable services to Defendants in the course of his previous employment with GSC.

72.   Defendants have realized and retained, and continue to realize and retain, the benefits of the services provided by Plaintiff.

73.   Despite realizing and retaining the benefit of the services provided to them by Plaintiff, Defendants have not paid him all compensation to which he is entitled, as set forth in greater detail above.

74.   As a direct result of Defendants' wrongful and intentional conduct in not compensating Plaintiff for the valuable services he has provided, Plaintiff has suffered and continues to suffer damages. Accordingly, Plaintiff is entitled to an award against Defendants for recovery of the value of the services he has provided to GSC.

WHEREFORE, Plaintiff respectfully requests a trial by jury on each of his claims against Defendants and prays for an award of all available damages and relief against Defendants, including, but not limited to, an award of lost wages, including lost fringe and employee benefits, liquidated damages, punitive damages, attorneys' fees and costs, and interest, and for any such other and further relief as the Court may deem just and proper.

ELECTRONICALLY FILED - 2017 Jul 19 11:47 AM - GREENVILLE - COMMON PLEAS - CASE#2017CP2304445

                By <u>s/ Courtney C. Atkinson</u>
                   Courtney C. Atkinson, S.C. Bar #71992
                   METCALFE & ATKINSON, LLC
                   Post Office Box 1826
                   Greenville, South Carolina 29601
                   (864) 241-2319
                   *Attorneys for Plaintiff*

July 19, 2017
Greenville, South Carolina