IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kyle Johnson, | ) | Civil Action No.: 6:17-cv-02334-AMQ |
| Plaintiff, | ) | |
| vs. | ) | **OPINION AND ORDER** |
| Greenville Safety Consultants, Inc., Juanita Worthy and Mark Worthy | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Greenville Safety Consultants, Inc., Juanita Worthy and Mark Worthy ("Defendants") Partial Motion to Dismiss Plaintiff Kyle Johnson's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Specifically, Defendants seek dismissal of Plaintiff's state law causes of action for Wrongful Discharge in Violation of Public Policy (Second Cause of Action) and violation of the South Carolina Unfair Trade Practices Act (Eighth Cause of Action). The matter has been fully briefed, and the Court heard arguments from counsel on May 29, 2018. For the following reasons, the Court hereby grants in part and denies in part Defendants' Partial Motion to Dismiss.

**STANDARD OF REVIEW**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## BACKGROUND

Plaintiff initiated this action by filing his complaint in the Court of Common Pleas in Greenville County, South Carolina on July 19, 2017. (ECF No. 1.) Plaintiff's Complaint alleges nine causes of action against Defendants for breach of contract, wrongful termination, violation of the South Carolina Payment of Wages Act, violation of the Fair Labor Standards Act, fraud, fraud in the inducement, violation of the South Carolina Unfair Trade Practice Act, quantum meruit and retaliatory termination. *Id*. Defendants' filed their Notice of Removal on August 30, 2017, asserting federal question jurisdiction under 28 U.S.C. § 1331. *Id*. Thereafter, on September 13, 2017, Defendants filed their Partial Motion to Dismiss. (ECF No. 6.)

Generally, Plaintiff claims that Defendants improperly classified him as an independent contractor, rather than an employee, to avoid paying payroll taxes on Plaintiff, to avoid having to cover Plaintiff under Defendants' workers' compensation insurance and to avoid paying Plaintiff overtime pay. (ECF No. 1-1 at 4.) Plaintiff further alleges that he sustained injuries while working for Defendants in January 2017. *Id*. After sustaining the injuries, Plaintiff reported the accident to Defendants who discouraged him from pursuing coverage under Defendants' workers' compensation policy. *Id.* 4-5. Nonetheless, Plaintiff chose to pursue a claim for his injuries under Defendants' workers' compensation policy, which Defendants later discovered. *Id.* at 5. Thereafter, Plaintiff claims Defendants terminated Plaintiff's employment on or about February 22, 2017 in retaliation for him filing a workers' compensation claim. *Id*. at 5-6. Plaintiff also avers that Defendants' actions are capable of repetition in that Defendants' routinely misclassify employees as independent contractors. *Id*. at 12.

## DISCUSSION

Defendants move for an order dismissing Plaintiff's Second Cause of Action for Wrongful Discharge in Violation of Public Policy and Plaintiff's Eighth Cause of Action for Violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). The Court will address each cause of action in turn.

1. **Wrongful Discharge in Violation of Public Policy**

At the hearing on Defendants' Partial Motion to Dismiss held on May 29, 2018, Plaintiff withdrew his Second Cause of Action for Wrongful Discharge in Violation of Public Policy. Because this claim is no longer before the Court, Defendants' motion as to this claim is hereby denied because the issue is moot.

2. **South Carolina Unfair Trade Practices Act**

The SCUTPA creates a private right of action in favor of any person who suffers an ascertainable loss of money or property "as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by [this Act]." S.C. Code Ann. § 39-5-140(a). "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." S.C. Code Ann. §39-5-20(a). However, to be actionable under the SCUTPA, "the unfair or deceptive act or practice must have an impact upon the public interest." *York v. Conway Ford, Inc.,* 480 S.E.2d 726, 728 (S.C. 1997). "Unfair or deceptive acts or practices have an impact upon the public interest if the acts or practices have the potential for repetition." *Id.* Additionally, the conduct at issue must affect more than just the parties to the litigation to have an impact on the "public interest." *See Florence Paper Co. v. Orphan*, 379 S.E.2d 289, 291 (S.C. 1989).

South Carolina Courts have held that employer-employee relations matters are not covered by the SCUTPA because they are private matters that do not involve the public interest. *See Miller v. Fairfield Communities, Inc.*, 382 S.E.2d 16, 20 (S.C. Ct.App. 1989) (holding that a plaintiff's claim based on the employer-employee relationship is not covered by the SCUTPA) *and Davenport v. Island Ford, Lincoln, Mercury, Inc.*, 465 S.E.2d 737, 740 (S.C. Ct. App. 1995) (stating that the employer-employee relationship does not fall within the intended scope of the SCUTPA). Furthermore, this Court, interpreting South Carolina law, has similarly held that claims arising out of the employer-employee relationship are not cognizable under the SCUTPA. *See Uhlig LLC v. Shirley*, No. 6:08-CV-01208-JMC, 2011 WL 1119548, at *9 (D.S.C. Mar. 25, 2011) (holding that disputes arising between employers and employees are private matters that fall outside the scope of the SCUTPA) *and Ramsey v. Vanguard Services, Inc.*, No. 8:07–CV–00265–GRA, 2007 WL 904526, at *3 (D.S.C. Mar. 22, 2007) (dismissing Plaintiff's SCUTPA

claim because South Carolina law clearly establishes that issues involving the employer-employee relationship fall outside the scope of the SCUTPA).

In their motion Defendants rely on *Miller* and *Uhlig* in arguing for the dismissal of Plaintiffs SCUTPA claims. Plaintiff attempts to distinguish these cases by stressing that the courts in *Miller* and *Uhlig* did not categorically state that a SCUTPA claim could *never* arise out of the employer-employee relationship, only that the facts presented in each case were not sufficient to sustain a claim under the SCUTPA. Plaintiff argues that the employer-employee relationship in this case is different than those examined in *Miller* and *Uhlig* because Plaintiff alleges Defendants knowingly, intentionally, and falsely misclassified Plaintiff and numerous other employees as independent contractors in order to avoid payroll taxes, overtime pay and other employment-related expenses. (ECF No. 1-1 at 12.) Based on this allegation, Plaintiff claims this case not only involves a private matter between one employee and an employer, but the public interest at large because the alleged wrongs suffered by Plaintiff are capable of repetition. Therefore, Plaintiff argues his claim under SCUTPA should go forward. This Court disagrees.

South Carolina courts have clearly and consistently held that the SCUTPA does not apply to acts arising out of the employer-employee relationship. *Davenport*, 465 S.E.2d at 740. Even if Plaintiff could establish that his injury is impacts the public interest, "the employer-employee relationship does not fall within the intended scope of the [SCUTPA] because employment practices fall within the purview of other statutes adopted for that express purpose." *Id*.; *See also Uhlig*, 2011 WL 119548, at *9.[1] Plaintiff fails to cite to any cases where a South Carolina Court,

---

[1] A close reading of *Miller* reveals that the plaintiffs in that case conceded there was insufficient public interest to support a SCUTPA claim. 382 S.E.2d at 20. This fact could create a question as to whether employee-employer disputes are categorically outside the scope of the SCUTPA. However, as described above, *Davenport* appears to

or a Federal Court interpreting South Carolina law, found that an act arising from the employer-employee relationship can serve as the basis for a SCUTPA claim.[2] Thus, after accepting all well-pleaded allegations in Plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, it appears certain that Plaintiff cannot prove any set of facts in support of his SCUTPA claim entitling him to relief. Therefore, Plaintiffs SCUTPA claim must be dismissed with prejudice in accordance with Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the forgoing reasons, Defendants' Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's Eighth Cause of Action for violation of the South Carolina Unfair Trade Practices Act is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

                          /s/ A. Marvin Quattlebaum, Jr.
                          The Honorable A. Marvin Quattlebaum, Jr.
                          United States District Judge

June 1, 2018
Greenville, South Carolina

---

have subsequently and clearly held that the SCUTPA does not apply to such disputes. 465 S.E.2d at 740. This Court expressed the same view in *Uhlig*, 2011 WL 119548, at *9.

[2] Plaintiff argues *Florence Paper Co. v. Orphan*, 379 S.E.2d 289 (S.C. 1989), indicates that employment related disputes can, depending on the evidence in the case, support a SCUTPA claim. The Court disagrees. *Florence Paper Company* involved a dispute with a long time manager who resigned and started a competing business. His former employer sued claiming the former employee was improperly using his former employer's trade secrets. One of the claims asserted by the former employer was violation of the SCUTPA. The South Carolina Supreme Court held that the evidence did not support an adverse impact on the public interest. *Id*. at 291. Plaintiff contends the court in *Florence Paper Company* did not categorically state that a SCUTPA claim was not permissible in the context of an employer-employee relationship. However, the facts and claims in *Florence Paper Company* are distinguishable from the employer-employee dispute in this case and the other cases cited herein. Further, *Davenport*, which clearly held employer-employee disputes are outside the scope of the SCUTPA, was decided after *Florence Paper Company*.