IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| KYLE JOHNSON,                        ) | CIVIL ACTION NUMBER: |
|                              Plaintiff,  ) | 6:17-CV-02334-DCC |
| v.                                    ) | |
| GREENVILLE SAFETY CONSULTANTS, INC.,  ) | |
| JUANITA WORTHY AND MARK WORTHY,       ) | |
|                              Defendants.  ) | |

## **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Kyle Johnson and Defendants Greenville Safety Consultants, Inc., Juanita Worthy, and Mark Worthy ("Defendants") jointly move for an order approving the parties' settlement in this matter. The grounds for this motion are as follows:

1. Plaintiff filed this action on or about July 17, 2017, in the Court of Common Pleas in the Thirteenth Judicial Circuit in Greenville County, South Carolina. In his Complaint, Plaintiff asserted the following causes of action:

    a. South Carolina Worker's Compensation Retaliation, S.C. Code Ann. § 41-1-80;

    b. Wrongful termination of employment in violation of public policy;

    c. Violation of the South Carolina Payment of Wages Act, S.C. Code Ann. §41-10-10, *et seq.*;

    d. Failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

   e.  Breach of employment contract;

   f.  Fraud;

   g.  Fraud in the inducement;

   h.  Violation of the South Carolina Unfair Trade Practice Act, S.C. Code Ann. § 39-5-10, *et seq.*; and

   i.  *Quantum meruit*.

2. Defendants timely removed this case to Federal Court on or about August 30, 2017, based on federal question jurisdiction over Plaintiff's Fourth Cause of Action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (see Entry No. 1).

3. On or about September 13, 2017, Defendants filed their Partial Motion to Dismiss Plaintiff's claims alleging wrongful discharge in violation of public policy (Second Cause of Action) and violation of the South Carolina Unfair Trade Practice Act, S.C. Code Ann. § 39-5-10, *et seq.* (Seventh Cause of Action) (see Entry No. 6).

4. On June 6, 2018, this Court granted Defendants' Partial Motion to Dismiss Plaintiff's Second and Seventh Causes of Action (see Entry No. 18).

5. Defendants filed their Answer to the Complaint addressing the remaining causes of action on or about June 15, 2018 (see Entry No. 19). Among their defenses to Plaintiff's claims, Defendants asserted that Plaintiff was an independent contractor and not an employee of Defendant Greenville Safety Consultants, Inc. ("GSC"). Defendants contended that as an independent contractor, Defendant GSC was not subject to the South Carolina Workers'

Compensation Retaliation Act, S.C. Code Ann. § 41-1-80; the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10; or the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

6.  The parties engaged in written discovery, serving and responding to written interrogatories and requests for production of documents.

7.  The parties have engaged in settlement discussions for several months, and this resulted in an agreement to settle this case on March 6, 2019. The parties reduced their agreement to writing, and both parties, with the advice of counsel, executed the Agreement. It is attached hereto as Exhibit A (General Release and Settlement Agreement). In exchange for a general release of all claims against Defendants, Defendants have agreed to pay Plaintiff $4,000.00. In light of the short period of time Plaintiff worked for Defendant GSC (six (6) months from August 22, 2016, to February 22, 2017), and Defendants' contention that Plaintiff was an independent contractor and not an employee, the parties are in agreement that this settlement Agreement is a fair and equitable resolution of this matter.

8.  The parties have further agreed not to disparage one another and not to disclose the terms of this Agreement, except as provided in the Agreement.

9.  At all times during this litigation, Plaintiff has been represented by legal counsel, Courtney Atkinson.

10. In accordance with applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the Settlement Agreement reached in this matter and the parties stipulate to the dismissal of this action with prejudice.

## I. Argument

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the District Court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

First, this Court should approve the proposed settlement because this litigation involves a *bona fide* dispute about Plaintiff's entitlement to overtime under the FLSA. Defendants contend that Plaintiff is not entitled to overtime, as he was an independent contractor and not an employee and, therefore, not entitled to overtime under the FLSA. Plaintiff disputes his classification as an independent contractor and alleges that he was an employee and, therefore, entitled to overtime under the FLSA. Additionally, the parties dispute the amount of overtime hours allegedly worked by Plaintiff even if he was arguably entitled to overtime as alleged.

Second, this Court should approve the proposed settlement because, as the parties agree, it is a fair and reasonable resolution. In exchange for a general release of all claims against it, Defendants have agreed to pay Plaintiff $4,000.00, despite the fact that Defendant contends that

Plaintiff was properly classified by Defendant GSC as an independent contractor, and/or he only worked with Defendant GSC for six (6) months.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the proposed settlement. A proposed Order is being filed contemporaneously with this Joint Motion.

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| s/Courtney C. Atkinson | s/Thomas A. Bright |
| Courtney C. Atkinson | Thomas A. Bright (Fed. ID #1476) |
| Metcalf & Atkinson | OGLETREE, DEAKINS, NASH, |
| 1395 S. Church Street | SMOAK & STEWART, P.C. |
| Greenville, SC  29605 | 300 North Main Street, Ste 500 |
| (864) 214-2319 (telephone) | Greenville, SC   29602 |
| (864) 214-3067 (facsimile) | (864) 271-1300 (telephone) |
| Email:  catkinson@malawfirmsc.com | Thomas.bright@ogletreedeakins.com |
| Attorney for Plaintiff | Attorneys for Defendants |
| Dated:  April 1, 2019 | Dated:  April 1, 2019 |

37691335.1